**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| **KARINE AVAKYAN #A249-411-505** | **CIVIL ACTION 6:26-CV-00488 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **U S IMMIGRATION & CUSTOMS ENFORCEMENT ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner Karine Avakyan ("Avakyan"), an immigration detainee at the South Louisiana ICE Processing Center in Basile, Louisiana. Avakyan seeks release from detention.

Because there is no significant likelihood of removal in the reasonably foreseeable future, the Petition should be GRANTED.

## I. Background

Avakyan is a native and citizen of Russia who has been detained by ICE since August 19, 2024. Doc. 1 at 10. On March 10, 2025, an immigration judge granted Avakyan's application for asylum and withholding of removal. Doc. 15-2. The Government appealed, and on August 19, 2025, the Board of Immigration Appeals sustained the appeal, ordering Avakyan removed to Russia, with withholding. Doc.

15-3. On or about January 8, 2026, ERO elevated the case to the Removal Division requesting assistance in finding a third country for removal. Doc. 15-4.

## II. Law and Analysis

The Court has jurisdiction to consider Avakyan's challenge to continued post-removal order detention. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *recommendation adopted*, No. 3:25-CV-1700, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *recommendation adopted*, No. 25-CV-1947, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas*, 533 U.S. at 701. In fact,

detention for up to six months is "presumptively reasonable." *Id*. Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.*; *see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-CV-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

Avakyan's removal order became final on August 19, 2025, and she has been detained since August 19, 2024. Therefore, the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

Avakyan has satisfied her initial burden of demonstrating that a significant likelihood of removal in the reasonably foreseeable future does not exist. She identifies a specific barrier to her repatriation in that she was granted withholding of removal. *See Altayb v. U.S. Immigration & Customs Enf't*, 1:25-CV-01615, 2026 WL 550093, at *3 (W.D. La. Feb. 9, 2026), *adopted by*, 2026 WL 544292 (W.D. La. Feb. 26, 2026) (collecting cases). In the last 12 months, no third country has been

identified, much less contacted regarding possible deportation. Doc. 15-4. And Avakyan has now been detained for more almost two years, including over 11 months after her removal order became final. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701.

The burden therefore shifts to the Government to come forward with evidence of a significant likelihood that Avakyan will be deported in the reasonably foreseeable future. The Government presents a declaration of Assistant Field Office Director Charles Ward, which confirms that no third country has been contacted. Doc. 15-4. No potential third country has even been identified. *Id.* So, although the Government "continues to work with Headquarters Removal Division to identify an alternative country for removal" (Doc. 15-4 at 2), it is no closer to removing Avakyan now than it was a year ago. "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Nguyen v. Noem*, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28, 2026) (citing *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)).

Avakyan is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable," only that that she has "good reason to

believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-02. The record before the Court establishes that no third country has been contacted or even identified. Doc. 15-4. It follows that the likelihood of Avakyan being removed in the reasonably foreseeable future is certainly not significant. The Government has failed to meet its burden to refute that assertion. Accordingly, Avakyan's continued detention violates the Due Process Clause, as explained in *Zadvydas*.

## III. Conclusion

Because there is not a significant likelihood of Avakyan's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (Doc. 1) be GRANTED and Avakyan be released under reasonable conditions.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 4th day of August, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE